998 F.2d 7
 302 U.S.App.D.C. 389
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Daryl Tyrone VINSON, a/k/a Darius, Appellant.
 No. 92-3182.
 United States Court of Appeals, District of Columbia Circuit.
 June 25, 1993.
 
 Before: EDWARDS, WILLIAMS and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that Vinson's conviction be affirmed. Absent the alleged tug on Vinson's jacket, Vinson clearly was not seized before he fled from Detective Hanson. See United States v. Lewis, 921 F.2d 1294, 1297 (D.C.Cir.1990) ("[W]e have repeatedly concluded that no seizure arises when officers, displaying no weapons and speaking in a normal tone of voice, approach individuals in a public place and ask permission to talk with them.") (internal quotation marks omitted). Assuming that the tug occurred as Vinson described it, the tug did not render the encounter a seizure. Vinson merely described the tug as "a hard pulling ... [t]hat made me turn around"; he did not testify that Hanson continued his hold on the jacket. Without more, such a tug would not lead a reasonable person to believe that he was not free to leave. See Martinez v. Nygaard, 831 F.2d 822, 826-27 (9th Cir.1987) (holding that no seizure occurred where INS agent "grabbed Nunez to get his attention, and released him as soon as Nunez turned to face him"); see also INS v. Delgado, 466 U.S. 210, 220 (1984) (finding no seizure where INS agent tapped person on shoulder).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.